812 So.2d 7 (2001)
STATE of Louisiana
v.
Matt W. SCHIEFFLER.
No. 00-KA-1166.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 2001.
*8 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Richard Pickens, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, LA, Attorneys for Plaintiff/Appellee.
Kevin V. Boshea, New Orleans, LA, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
GOTHARD, Judge.
Defendant, Matt Schieffler, was convicted of possession of heroin in violation of LSA-R.S. 40:966 C. He was subsequently sentenced to ten years without the benefit of probation or suspension of sentence and was ordered to pay a $5,000.00 fine.[1] Defendant appeals his conviction and sentence for possession of heroin. We affirm the defendant's conviction and remand for the trial court to consider defendant's motion to reconsider sentence.
The facts adduced at trial are as follows. At approximately 11:25 a.m. on August 23, 1997, Deputy Joseph Ragas observed a vehicle stopped on the railroad tracks at the intersection of Behrman Highway and Belle Chasse Highway despite the vehicle having a green light. He pulled his police unit along the side of the stopped car where he discovered a driver, the defendant, who appeared to be passed out. The car was still in gear with its engine running. Deputy Ragas reached into the vehicle and turned the ignition off for safety. He tried to wake defendant but was unsuccessful. Accordingly, Deputy Ragas called for an ambulance. As Deputy Ragas was trying to wake defendant, he observed two small foil packets on the center console of the vehicle. The packets later tested positive for heroin.
Defendant awoke before the ambulance arrived. According to Deputy Ragas, defendant acknowledged he had done heroin and further admitted the two packets Deputy *9 Ragas found in the car belonged to him. At trial, defendant denied that the heroin found in his car belonged to him. Rather, defendant testified he had taken three different types of medication, Vicodin, Soma and Xanax, for his back condition which made him fall asleep at the wheel of his car. Defendant claimed the heroin belonged to a person by the name of Donald Muse. Defendant explained that he had performed a brake job on Muse's vehicle earlier that morning and that Muse had borrowed defendant's vehicle during that time.
In this appeal, defendant argues that the evidence was insufficient to convict him of possession of heroin. Defendant asserts he was convicted on the theory of constructive possession but argues his mere presence in an area where drugs were found is insufficient to prove constructive possession. He maintains the packets were found on the car console and no drugs were found on his person.
The standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of the witnesses will not be re-weighed on appeal. State v. Ledet, 00-11 (La.App. 5 Cir. 7/30/01), 792 So.2d 160, 171. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787.
To convict a defendant for possession of heroin under LSA-R.S. 40:966 C, the State must prove beyond a reasonable doubt that defendant was in possession of the heroin and that he knowingly or intentionally possessed the heroin. The element of possession may be established by showing the defendant exercised either actual or constructive possession of the substance. A person not in physical possession of a drug may have constructive possession when the drugs are under that person's dominion or control. State v. Reyes, 98-424 (La.App. 5 Cir. 12/29/98), 726 So.2d 84, 88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967. Factors considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include: 1) the defendant's knowledge that illegal drugs were in the area; 2) his relations with the person found to be in actual possession; 3) the defendant's access to the area where the drugs were found; 4) evidence of recent drug use by the defendant; 5) the existence of paraphernalia; and, 6) evidence that the area was frequented by drug users. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118, citing State v. Appacrombie, 616 So.2d 285, 288 (La.App. 2 Cir. 1993), writ denied, 623 So.2d 1302 (La. 1993).
The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession; however, proximity to the drug or association with the possessor may establish a prima facie case of possession when colored by other evidence. State v. Williams, supra at 69.
*10 In the present case, defendant was found unconscious in the driver's seat of the vehicle in which the heroin was found. The vehicle was in a lane of traffic, on railroad tracks, with its engine running and was in gear. Defendant never denied that he was driving the car. In fact, defendant admitted he was in the process of driving home when he fell asleep at the wheel. The record shows the vehicle was registered to defendant's wife, Pat Schieffler.
Defendant explained he had loaned the vehicle to Donald Muse while he was doing a brake job on Muse's vehicle. Defendant testified it took him approximately one hour to do the brake job and that he finished ten to fifteen minutes before Muse returned with defendant's car. Defendant then left Muse's house to return home. Defendant maintained that he did not see the packets of heroin in the car and suggested that Muse must have placed the packets of heroin in the vehicle when he borrowed it. Defendant denied he bought drugs from Muse and further denied he used heroin.
A portion of defendant's testimony was contradicted by Deputy Ragas and Sergeant Todd Vignes. Specifically, Deputy Ragas testified that, upon waking up in the car, defendant admitted the packets of heroin found in the car belonged to him. Sergeant Vignes testified that when defendant first indicated he wanted to become a confidential informant at the time of his arrest, defendant stated he obtained the heroin from Muse. Sergeant Vignes further stated defendant never told him that the heroin in the car belonged to Muse. Sergeant Vignes also testified defendant admitted to having snorted heroin on the day of his arrest.
We conclude that the evidence presented at trial is sufficient to support the defendant's conviction for possession of heroin. Defendant was driving a vehicle in which heroin was found, in plain view, on the center console. The mere fact that drugs were not found on defendant's person is insignificant. Defendant had custody of the car, and the heroin was within his immediate control. Furthermore, defendant had admitted to both Deputy Ragas and Sergeant Vignes that he had just done heroin; a fact seemingly supported by defendant's state of unconsciousness when he was first found. Thus, the evidence establishes that defendant had constructive possession of the heroin. See, State v. Ashlock, 526 So.2d 511 (La.App. 3 Cir.1988); State v. Owens, 554 So.2d 294 (La.App. 5 Cir.1989); State v. Manson, 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749.
The State was also required to show defendant knowingly possessed the heroin. Defendant claims he was unaware of the heroin in the car. The element of knowledge and intent are states of mind that need not be proven as facts, but may be inferred from the circumstances. State v. Reyes, supra at 88.
According to Deputy Ragas, when defendant became conscious, the officer explained to him that he had found defendant unconscious with the car running. Defendant then admitted he had just done heroin and stated he had two more packets of heroin. Deputy Ragas showed defendant the two foil packets he found on the console and defendant admitted the packets were his. The jury clearly chose to believe the testimony of Deputy Ragas over defendant's testimony regarding his recent drug use and knowledge of the heroin in his car. It is not our function to evaluate the credibility of witnesses and overturn the factual determinations of a jury.
We find that, viewing the evidence in a light most favorable to the prosecution, *11 any rational trier of fact could have found that defendant knowingly exercised dominion and control over the heroin found in the vehicle he was driving and, therefore, all of the essential elements of the offense of possession of cocaine were proven beyond a reasonable doubt.
The defendant next alleges that the trial court erred in imposing an excessive sentence. Defendant further alleges that the trial court erred in denying his motion to reconsider sentence. These allegations are premature and therefore we cannot consider them in this appeal.
The record shows that defendant was sentenced on October 6, 1999. On September 1, 1999, one month prior to being sentenced, defendant filed a Motion to Reconsider Sentence. On November 4, 1999, after defendant was sentenced, defendant filed a Supplemental Motion to Reconsider Sentence.[2] There was no ruling on either of these motions. On August 13, 2001, defendant filed a pro se Motion to Reconsider Sentence that contained two docket numbers, 97-5684 (which pertained to his possession of heroin charge) and 99-2896 (which pertained to a later forgery charge). In his pro se motion to reconsider, defendant only requested reconsideration of his forgery sentence. Defendant did not mention the sentence for his heroin conviction despite including the docket number on the motion.[3] On August 17, 2001, the trial court denied the defendant's pro se motion to reconsider sentence on the forgery charge. In its ruling, the trial court specifically referenced defendant's 20-year heroin sentence even though it was not mentioned in defendant's motion. The trial court reasoned that once defendant started serving his sentence, the sentence could not be amended. There is no ruling on the merits of defendant's timely filed motion to reconsider his 20-year heroin sentence.
In State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 81, writ denied, 98-0264 (La.6/19/09), 719 So.2d 481, and, more recently, in State v. Simmons, 00-1037 (La.App. 5 Cir. 2/28/01), 781 So.2d 821, 826, this Court remanded the matters for a ruling on defendant's motions to reconsider sentence. This Court did not address the merits of defendant's excessive sentence claims, reasoning that it would be premature to rule on the excessiveness issue while a motion to reconsider sentence was pending because the present sentence may be vacated.
Since there has been no ruling on the merits of defendant's motion to reconsider sentence pertaining to the sentence for his heroin conviction, we must remand this matter for a ruling. If the motion to reconsider is granted and defendant is resentenced, he may appeal the new sentence. If the motion is denied, or if it already has been ruled on, defendant must move to relodge this appeal within 60 days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later. See, State v. Winfrey, supra.
Accordingly, in compliance with Simmons, supra, and Winfrey, supra, we affirm the defendant's conviction and remand the case to the trial court for a *12 ruling on defendant's motion to reconsider sentence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and we find none which merit our consideration.
For the above discussed reasons, we affirm defendant's conviction and remand this matter for the trial judge to act on defendant's motion to reconsider sentence. If the defendant's original sentence is left undisturbed, or, after defendant is resentenced pursuant to his motion to reconsider, it is ordered that this matter be relodged for appeal of defendant's sentence.
CONVICTION AFFIRMED, CASE REMANDED.
NOTES
[1] The State filed a multiple offender bill of information alleging defendant to be a fourth felony offender; however, the State withdrew the multiple bill before a multiple bill hearing was held.
[2] Clearly, defendant's first motion to reconsider filed on September 1, 1999 was premature since he had yet to be sentenced. His supplemental motion to reconsider was timely, in that it was filed within 30 days of the imposition of his sentence in accordance with LSA-C.Cr.P. art. 881.1.
[3] It is noted that any request for reconsideration of defendant's heroin sentence past November 5, 1999 would have been untimely.