SUSAN M. CHEHARDY, Judge.
 

 |2On May 24, 2007, the Jefferson Parish District Attorney’s Office filed a bill of information charging the defendant, Clarance E. Barker and co-defendants, Wallace T. Hollis and Dornicya Mitchell,
 
 [1]
 
 with possession of heroin, in violation of La. R.S. 40:966(C), and possession of cocaine, in violation of La. R.S. 40:967(C). At his arraignment, the defendant pled not guilty. After a four-day trial, the defendant was found guilty as charged on September 22, 2008.
 
 [2]
 

 On October 2, 2008, after sentencing delays were waived, the trial judge sentenced the defendant to five years at hard labor for possession of heroin and three years at hard labor for possession of co- . , , , ^ „ came, to be served concurrently
 
 [3]
 
 . Defen- . ’ . , . . . " dant appeals his convictions and sentences.
 

 _jb/?ac^s
 

 At trial, Reserve Officer Marion Perret of the Gretna Police Department testified that, on March 21, 2007, at approximately 7:30 p.m., he responded to a call involving a green Chrysler convertible automobile with tan interior, fleeing from the parking lot of 64 Westbank Expressway in Gretna. Officer Perret stopped a vehicle matching that description in the vicinity and detained its occupants: Clarance Barker, Wallace Hollis, and Dornicya Mitchell. According to Officer Perret, Hollis was in the driver’s seat, Barker was in the passenger seat, and Mitchell was in the back seat on the passenger side.
 

 Officer Perret testified that, for identification purposes, he personally drove the vehicle back to 64 Westbank Expressway. Officer Perret testified that, while driving the suspect vehicle, he noticed “some items
 
 *930
 
 of common drug paraphernalia,” including two used, small-gauge syringes in the console area between the front seats and several unused syringes in an open plastic bag on the back seat. According to Officer Perret, these types of needles are “very common” in the drug trade. Officer Per-ret also observed the bottom portion of an aluminum can that had been burned black and a spoon with some scoring and black soot on the bottom in the center console. According to Officer Perret, in his experience, common metal objects, like the bottom portion of aluminum cans and metal spoons, are used by intravenous drug users to heat and liquefy drugs to enable their injection. According to Officer Per-ret, once he found the alleged paraphernalia, he called a K-9 unit to the scene to search the vehicle for illegal drugs.
 

 Officer Arthur Morvant with the Gretna Police Department responded to the request for a K-9 unit. According to Officer Morvant, his dog, trained to detect the scent of heroin, cocaine, methamphetamine, and marijuana, searched the interi- or |4and exterior of the vehicle. His dog alerted to the scent of drugs in the pocket of the driver’s door.
 

 Officer Perret testified that, after the K-9 dog alerted by scratching on the driver’s door panel, he searched in the panel and found a foil wrapper containing an off-white powdery substance, which field-tested positive for heroin, and an off-white rock substance, which field-tested positive for crack cocaine. Officer Perret stated that no drugs were found on the defendants’ persons.
 

 Thomas Angelica, an expert in examination of controlled dangerous substances with the Jefferson Parish Sheriffs Office Crime lab, testified that the brown powder in the folded piece of aluminum tested positive for heroin. In addition, Angelica testified that the off-white material tested positive for cocaine.
 

 Dornicya Mitchell testified that, on March 21, 2007, Hollis picked her up from her residence in his car. Mitchell testified that they picked Barker up later. Hollis testified that he, Barker, and Mitchell were together, on March 21, 2007, for the sole purpose of using drugs. Hollis testified that he, Barker, and Mitchell all pooled their money to purchase drugs then went to a spot where they used the drugs. Mitchell and Hollis testified that they, along with Barker, consumed both the heroin and the cocaine by injection while in Hollis’ vehicle.
 

 Hollis testified that he was driving his vehicle when the police stopped them. Mitchell admitted that she told the police that the drugs did not belong to her and that she knew nothing about the drugs. However, Hollis realized that the drugs the police found in his vehicle must have been left over from the drugs they had purchased earlier, which someone had “held back.” Hollis admitted that there was drug paraphernalia in the center console and scattered all over the back seat of his vehicle when they were stopped. Both Mitchell and Hollis admitted that they were arrested, with Barker, for the current charges of possession of heroin and cocaine. | BAccording to Mitchell, she ultimately entered an Alford guilty plea to possession of cocaine and heroin because it was in her best interest in light of her criminal record. Hollis admitted that he also pled guilty as charged. After hearing all of the testimony, the jury found defendant guilty as charged.
 

 On appeal, defendant argues that the evidence was insufficient to support these convictions. Specifically, defendant claims that the State failed to prove that he knowingly possessed the drugs. He asserts that the State was only able to
 
 *931
 
 prove that he was riding in a car in which illegal drugs were found.
 

 In response, the State contends that the testimony of co-defendants, Hollis and Mitchell, revealed that defendant possessed heroin and cocaine. The State asserts that co-defendants, Mitchell and Hollis, testified that they, along with the defendant, injected both heroin and cocaine into their bodies while sitting in Hollis’ car, which supports the fact that defendant knowingly exercised control over, and was in constructive possession of, the contraband narcotics.
 

 The constitutional standard for review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.
 
 State v. Cho,
 
 02-274, p. 10 (La.App. 5 Cir. 10/29/02), 831 So.2d 433, 442,
 
 writ denied,
 
 02-2874 (La.4/4/03), 840 So.2d 1213. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 Id.
 

 | fiIn order to support a conviction for possession of narcotics, the State must prove that defendant was in possession of the narcotics and that he knowingly or intentionally possessed them.
 
 State v. Flagg,
 
 01-65, p. 8 (La.App. 5 Cir. 7/30/01), 792 So.2d 133, 140,
 
 writ denied,
 
 01-2534 (La.9/20/02), 825 So.2d 1159. Therefore, in order to convict a defendant for possession of heroin under La. R.S. 40:966(C), the State must prove beyond a reasonable doubt that defendant was in possession of the heroin and that he knowingly or intentionally possessed the heroin.
 
 State v. Schieffler,
 
 00-1166 (La.App. 5 Cir. 2/13/01), 812 So.2d 7, 9,
 
 writ denied,
 
 02-0712 (La.9/13/02), 824 So.2d 1188. Likewise, in order to support a conviction of possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that the defendant knowingly possessed it. La. R.S. 40:967(C);
 
 State v. Wright,
 
 05-477, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, 874-75,
 
 writ denied,
 
 06-1141 (La.2/16/07), 949 So.2d 404.
 

 The evidence may be either direct or circumstantial.
 
 State v. Lee,
 
 03-901 (La.App. 5 Cir. 12/9/03), 864 So.2d 654, 658. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.
 
 State v. Stone,
 
 05-82 (La.App. 5 Cir. 5/31/05), 904 So.2d 810, 814. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 provides that “assuming every fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
 
 State v. Brown,
 
 03-581 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 651,
 
 writs denied,
 
 03-3407 (La.4/2/04), 869 So.2d 875 and 04-49 (La.4/2/04), 869 So.2d 877. It is not a separate test from the Jackson standard; rather it provides a helpful basis for determining the existence of reasonable doubt.
 
 Id.
 
 Both the |7direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 Id.
 

 Guilty knowledge is a state of mind and need not be proven as fact but rather may be inferred from the circum
 
 *932
 
 stances.
 
 State v. Flagg,
 
 792 So.2d at 140. The element of possession may be proven by showing that the defendant exercised either actual or constructive possession of the cocaine.
 
 State v. Walker,
 
 03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 65,
 
 mit denied,
 
 03-2343 (La.2/6/04), 865 So.2d 738. A person who is not in physical possession of a drug may have constructive possession when the drugs are under that person’s dominion or control.
 
 State v. Schieffler,
 
 812 So.2d at 9. The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, proximity to the drug may establish a
 
 prima facie
 
 case of possession when colored by other evidence.
 
 State v. Walker,
 
 853 So.2d at 65.
 

 The factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include (1) the defendant’s knowledge that illegal drugs were in the area, (2) the defendant’s relations with the person found to be in actual possession, (3) the defendant’s access to the area where the drugs were found, (4) evidence of recent drug use by the defendant, (5) the existence of paraphernalia, and (6) evidence that the area was frequented by drug users.
 
 State v. Schieffler,
 
 812 So.2d at 9.
 

 A suspect can have constructive possession if he jointly possesses drugs with a companion, and if he willfully and knowingly shares with his companion the right to control the drugs.
 
 State v. Hollingsworth,
 
 07-691 (La.App. 5 Cir. 12/27/07), 975 So.2d 31, 35. Mitchell and Hollis admitted that, on March 21, 2007, they met with the defendant for the sole purpose of obtaining and consuming | «drugs. Hollis further testified that, after the three pooled their money to purchase the contraband, he drove them to a predesignated place, where they stayed in his vehicle while they injected heroin and cocaine intravenously.
 

 In addition, Hollis verified that used and new syringes, a metal can, and a metal spoon, which are all commonly used ways to inject drugs, were scattered “all over the back seat” and in the center console of his vehicle, next to the seat where defendant sat.
 
 See, State v. Chisley,
 
 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 49 (presence of drug paraphernalia is indicative of dominion and control).
 

 Officer Perret identified the defendant as an occupant of the vehicle that the police stopped and detained. Officer Per-ret testified that he noticed some common drug paraphernalia, i.e. syringes, the bottom of an aluminum can, and a scored spoon with soot on it, while driving the suspect vehicle back to the scene of another crime. Officer Perret testified that this paraphernalia is commonly used to liquefy drugs. After a K-9 called to the scene indicated the driver’s door panel, Officer Perret testified that he conducted a vehicle search and found a foil wrapper containing an off-white powdery substance that subsequently tested positive for heroin and an off-white rock substance that subsequently tested positive for crack cocaine in the driver’s door pocket.
 

 It appears, based upon the evidence provided by the State’s witnesses, the jury could have found the State proved the essential elements of both possession of heroin and cocaine beyond a reasonable doubt, i.e. that the defendant was in possession of the heroin and the cocaine and that he knowingly or intentionally possessed the heroin and the cocaine.
 

 We have reviewed the record for errors patent, according to La. C. Cr. P. art. 920.
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975). Our review reveals no errors | «patent in
 
 *933
 
 this case. For the foregoing reasons, we affirm both of defendant’s convictions and sentences.
 

 AFFIRMED.
 

 [1]
 

 . On Friday, September 19, 2008, co-defendants, Wallace Hollis and Dornicya Mitchell, pled guilty. Their convictions are not the subject of this appeal.
 

 [2]
 

 . On September 22, 2008, defendant’s trial continued in absentia, after the trial judge found that the defendant was voluntarily absent from the trial proceedings. In the present case, both at trial and on appeal, the defendant has made no claim that his Sixth Amendment and due process rights were violated by his conviction in absentia. Generally, a defendant who appears in court at the beginning of trial, and then disappears in the later stages of the proceedings waives his right to trial in his presence.
 
 State v. Pigford,
 
 05-477 (La.2/22/06), 922 So.2d 517, 518, citing
 
 Diaz v. United States,
 
 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).
 

 [3]
 

 .On the same day, the State filed a multiple bill of information alleging that the defendant was a second felony offender. The defendant denied the allegations in the multiple offender bill of information. The record before us does not reveal further proceedings on the multiple bill.