703 So.2d 608 (1997)
STATE of Louisiana
v.
George SORAPARU.
No. 97-K-1027.
Supreme Court of Louisiana.
October 13, 1997.
PER CURIAM[*].
Granted in part. The decision of the Fourth Circuit is reversed insofar as it vacates the defendant's sentence and remands for resentencing before a different judge, and the sentence imposed by the trial court is reinstated. On appellate review of sentence, the only relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, ___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." State v. Wimberly, 414 So.2d 666, 672 (La.1982). The trial court's finding in this case that the defendant committed a "cold and deliberate act" which would have fully justified the return of a verdict of second degree murder adequately supports the sentence imposed.
CALOGERO, C.J. and LEMMON, J., would grant and docket.
JOHNSON, J., would deny the writ.
NOTES
[*] KNOLL, J., not on panel. See Rule IV, Part 2, § 3.