liCOOKS, J.,
dissenting.
Defendant argues the sentence he received is excessive because of his status as a first felony offender, his young age and his alleged mental incapacity. Defendant was charged with unauthorized use of a movable valued in excess of $1,000.00, unauthorized entry of an inhabited dwelling, second degree kidnaping and aggravated burglary. He could have received up to five years with or without hard labor for unauthorized use of a movable, up to six years with or without hard labor for unauthorized entry of an inhabited dwelling, five to forty years at hard labor (at least two of which would have to be served without benefits) for second degree kidnap-ing, and one to thirty years at hard labor for aggravated burglary. Thus, by pleading guilty to aggravated burglary, defendant significantly reduced his sentencing exposure. Also, defendant received only fifteen years at hard labor, which is half the amount he could have received for the offense which he admitted committing.
In deciding to remand this case for resen-tencing, the majority apparently found defendant’s mental illness argument persuasive. Citing State v. Soraparu, 97-1027 (La.10/13/97); 703 So.2d 608, the majority notes the Louisiana Supreme Court stated:
In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, [citation omitted], a remand for resentencing is appropriate only when “there appearfs] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” Lcitation omitted and emphasis added].
Despite the cautionary language found in this passage, the majority flags defendant “mental illness” as “substantial” cause for remanding this case for resentencing. Even if we found the trial court should have considered defendant’s mental condition, remand for re-sentencing is appropriate only if there appears to be a substantial probability that defendant’s complaint of excessiveness has merit. After reviewing the factors weighed by the trial court along with the minimal evidence of defendant’s mental instability and further noting the trial judge imposed only half the statutory maximum sentence permitted for defendant’s reduced offense, no rea: sonable minds could conclude that his sentence was exceedingly harsh or that a “real possibility” exists, on re-examination, it might be found excessive. I respectfully dissent.