816 So.2d 881 (2002)
STATE of Louisiana
v.
Kevin A. BARNES.
No. 2001-KA-2318.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 2002.
*882 Harry F. Connick, District Attorney, Scott Peebles, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, and Judge JAMES F. McKAY III.
PLOTKIN, Judge.
The issue in this appeal is whether the trial court imposed an excessive sentence. For the reasons that follow we find that the sentence was not excessive and affirm the judgment of the trial court.

PROCEDURAL HISTORY
The defendant, Kevin Barnes, was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967(A). He was arraigned and pleaded not guilty. The trial court found probable cause to bind the defendant over for trial. A twelve-member jury found him guilty as charged. The State filed a multiple bill charging Barnes as a second offender, and after being advised of his rights Barnes pled guilty to the bill. He was then sentenced to serve fifteen years at hard labor under La. R.S. 40:967(B)(4)(b) and R.S. 15:529.1(A)(1)(a). The defendant's motion for reconsideration of sentence was denied, and his motion for an appeal was granted.

STATEMENT OF FACTS
At trial Sergeant Michael Glasser and Lieutenant Tammy Guerrerra testified that they were working undercover on August 8, 2000, in an operation targeting street level narcotics sales. As they drove toward the intersection of North Prieur and Dumaine Streets, they noticed a man on the corner waving. The sergeant interpreted the wave as an invitation and stopped the car just beyond the corner. The man, later identified as Kevin Barnes, walked to the passenger's window and asked, "What's up?" and the lieutenant answered, "We're looking for a big twenty." Barnes then asked if they were the police, and, when they answered negatively, he spit a white rock into his hand and gave it to the lieutenant who handed over fifteen dollars in currency that had been photocopied. The officers drove away, and the sergeant radioed a description of the defendant and his location to a backup unit *883 nearby. Some moments later, the officers drove back to the scene to determine that the backup unit had detained the right person, and they found that it had done so. Under cross-examination Sergeant Glasser admitted he did not prepare the police report, and he acknowledged that the defendant's height is five feet one inch tall not five feet ten inches tall as reported in the incident account.
Detective Marc Amos testified that he was also working undercover that evening as part of the support team for Sergeant Glasser and Lieutenant Guerrerra. When he heard the description and location of the defendant and that the transaction was completed, the detective was just a block away, and he quickly drove to the intersection of Dumaine and North Prieur Streets and detained the defendant. In a search of Barnes incident to his arrest, the detective found the photocopied currency that Barnes had received from Sergeant Glasser and Lieutenant Guerrerra. The detective explained the height disparity in the police report by admitting he made a typographical error in listing the defendant's height as "five-one-o" instead of "five-o-one."
The parties stipulated that the rock sold to the officers by the defendant was tested and proved to be crack cocaine.

ERRORS PATENT
Our review of the record reveals a potential error patent. When the defendant was sentenced, the trial court did not restrict the benefits of parole, probation, or suspension of sentence for five years as mandated under La. R.S.40:967(B)(4)(b) in effect at the time of the offense. However, under La. R.S. 15:529.1(G), the defendant's sentence is imposed without benefit of probation or suspension of sentence. Thus, the sentence appears to be illegally lenient because parole was not restricted. Formerly, this Court followed State v. Fraser, 484 So.2d 122 (La.1986), which held that a sentencing error favorable to the defendant that is not raised by the State on appeal may not be corrected. However, the legislature recently enacted La. R.S. 15:301.1[1] which addresses those instances where sentences contain statutory restrictions on parole, probation or suspension of sentence. Paragraph A of La. *884 R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. Moreover, in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the Supreme Court has ruled that paragraph A self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. In Williams the Supreme Court also held that the retroactive application of the 180 day time period announced in paragraph I) of La. R.S. 15:301.1 to sentences imposed prior to August 15, 1999, is procedural and does not violate the prohibition against ex post facto laws; additionally, the Court ruled that the 180 day time period defined in paragraph D is applicable only to paragraph B of the statute, and not paragraph A under which this defendant's sentence falls. Hence, this Court need take no action to correct the trial court's failure to specify that the first five years of the defendant's sentence be served without benefit of parole, probation or suspension of sentence. The correction is statutorily effected.[2] La. R.S. 15:301.1A.

ASSIGNMENT OF ERROR 1
In a single assignment of error, the defendant avers that his fifteen-year sentence is excessive. Barnes, who was sentenced as a second offender under La. R.S. 40:967(B)(4)(b) and R.S. 15:529.1(A)(1)(a), faced a sentencing range of fifteen to sixty years at hard labor. He received the minimum sentence.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676. The Louisiana Supreme Court recently reviewed the law on point when the defendant receives the mandatory minimum sentence. In citing Johnson and State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529, the Supreme Court stated:
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature's failure to assign sentences *885 that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339. (Emphasis added).
Moreover, in State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." State v. Wimberly, 414 So.2d 666, 672 (La. 1982).
Id.
The defendant complains that the trial court gave no reasons for a fifteen-year sentence imposed for a non-violent and victimless offense. However, at sentencing Barnes offered no evidence that he is exceptional or his circumstances are unusual enough to rebut the presumption that the mandatory minimum sentence is constitutional. Furthermore, considering that Barnes has a prior conviction and that La. R.S. 40:967(B)(4)(b) provides for a maximum thirty-year sentence for a single offense, and he faced a maximum sixty-year term as a second-felony habitual offender, it cannot be said that the sentence makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and/or is grossly out of proportion to the severity of the crime. Even though the trial court did not give any reasons for imposing the sentence, there is not a reasonable possibility that the defendant's complaints of an excessive sentence have merit. State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608.

CONCLUSION
For the foregoing reasons, we find that the trial court did not err in sentencing the defendant to fifteen years at hard labor.
Accordingly, Kevin Barnes' conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] 1999 LA. ACTS 94, effective August 15, 1999, embodied La. R.S. 15:301.1 which provides:

A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
[2] In light of La. R.S. 15:301.1, this Court will not recognize the sentencing court's failure to impose statutory restriction of benefits as patent error.