hPLOTKIN, Judge.
The issue in this appeal is whether the sentence imposed by the trial court was excessive. For the reasons below, we find that the sentence was not excessive and affirm the ruling of the trial court.
PROCEDURAL HISTORY
Bryan Cottrell was charged by bill of information with possession of cocaine with intent to distribute. He pled guilty to the offense. The State filed a multiple bill charging Cottrell as a third felony and he pled guilty to the bill. The defendant was sentenced to serve fifteen years at hard labor and ordered to pay a fine. The State filed a motion to reconsider the sentence, and after a hearing Cottrell was resen-tenced to twenty years at hard labor plus a fine. This Court affirmed the conviction and sentence in an unpublished opinion. State v. Cottrell, 95-1644 (La.App. 4 Cir. 5/15/96, 673 So.2d 739).
The defendant filed two applications for post-conviction relief with this Court, making the same argument in both, i.e., that the trial court erred in denying his motion to withdraw his guilty plea. The trial court denied both motions. In unpublished decisions, this Court affirmed the’ trial court. State v. Cottrell, 98-0147 (La.App. 4 Cir. 2/10/98); 99-2169 (La.App. 4 Cir. 8/24/99).
hOn April 12, 2000, the defendant filed a motion to correct an illegal sentence which the court denied. However, on August 2, 2000, the State filed a similar motion and withdrew the multiple bill. The State also filed a new bill charging Cottrell as a second offender. At a hearing that same day, Cottrell admitted to the charges, and the trial court vacated the earlier sentence and then sentenced Cottrell to fifteen years at hard labor as a second offender. The sentence is to run concurrently to any other sentence he is serving. The defendant’s motion for reconsideration of sentence was denied, and his motion for an appeal was granted.
STATEMENT OF FACTS
Because the defendant pled guilty, the facts of the case are not part of the record.
ERRORS PATENT
A review of the record shows no errors patent.
ASSIGNMENT OF ERROR
In a single assignment of error, the defendant maintains that his sentence is excessive. Cottrell, who was sentenced as a second offender under La. R.S. 40:967(B) and R.S. 15:529.1(A)(1), faced a sentencing range of fifteen to sixty years at hard labor. He received fifteen years, the minimum sentence.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Although a sentence is within the statutory limits, the sentence may still violate a ^defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the *1213 particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676. After reviewing the law on point as to the “rare circumstances” under which a court may depart from the mandatory minimum sentence, the Louisiana Supreme Court has stated:
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 341, 343. (Emphasis added).
Moreover, in State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad | ¿sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentenc-ing is appropriate only when “there appear[s] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982).
The defendant concedes that he received the minimum sentence but complains his crimes are not the most heinous and that the trial court gave no consideration to any mitigating factors. At sentencing Bryan Cottrell offered no evidence that he is exceptional or that his circumstances are unusual enough to rebut the presumption that the mandatory minimum sentence is constitutional. Neither he nor any witnesses testified on his behalf at the resentencing. Furthermore, although Cottrell was multiple billed on two distribution of cocaine convictions, the court could consider the other conviction. Cott-rell was originally charged with three counts of attempted murder, but the charges were reduced to three counts of aggravated battery. Given Cottrell’s record, the fifteen-year minimum mandated sentence is not excessive. There is not a reasonable possibility that the defendant’s complaints of an excessive sentence have merit. State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608.
|,.CONCLUSION
For the foregoing reasons, we find that the sentence of fifteen years at hard labor is not excessive.
Therefore, the defendant’s sentence is affirmed.

AFFIRMED.