841 So.2d 1000 (2003)
STATE of Louisiana
v.
Matt W. SCHIEFFLER.
No. 02-KA-1047.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*1001 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for State.
Kevin V. Boshea, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
McMANUS, Judge.
At issue in defendant's second appeal is whether defendant's sentence was excessive and whether the trial court erred in denying his motion to reconsider the sentence.

FACTS AND PROCEDURAL HISTORY
Defendant was convicted of possession of heroin, in violation of LSA-R.S. 40:966(C), on July 27, 1999. He was sentenced to ten years without the benefit of parole, probation or suspension of sentence and was ordered to pay a $5,000 fine. He appealed his conviction on the basis of insufficient evidence and asserted his sentence was excessive. In State v. Schieffler, 00-1166 (La.App. 5 Cir. 2/13/01), 812 So.2d 7, writ denied, 02-712 (La.9/13/02), 824 So.2d 1188, we affirmed defendant's conviction for possession of heroin but determined we could not address defendant's claim for excessive sentence because the *1002 trial court failed to rule on defendant's motion for reconsideration of sentence. We remanded the matter for a ruling on the outstanding motion for reconsideration of sentence.
Upon remand, the trial court denied defendant's motion to reconsider sentence after a hearing. Pursuant to this Court's instructions in State v. Schieffler, supra, defendant re-lodged his appeal seeking review of his sentence as excessive.

DISCUSSION
Defendant argues that his statutory maximum ten-year sentence and $5,000 fine is excessive. He contends that the trial court did not adequately consider the factors set forth in La.Code Cr. P. art. 894.1, when imposing the maximum sentence. Defendant asserts the trial court erroneously based his sentence on his criminal history instead of considering other factors such as: the small amount of drugs in his possession; his subsequent cooperation with the police in an undercover drug operation; his gainful employment as a tug boat captain; and the fact he supports his family. Defendant maintains he is not the worst offender for whom maximum penalties are intended. He also notes that the legislature has since amended the sentencing provision for possession of heroin and had he committed the crime today, he would have been eligible for a suspended sentence.
We note that defendant was convicted of possession of heroin. The law in effect (LSA-R.S.40:966(C)[1]) at the time of his offense subjected him to a sentencing range of four to ten years without the benefit of parole, probation or suspension of sentence and a fine up to $5,000. Defendant received the statutory maximum of ten years without benefits and the maximum $5,000 fine.
Defendant filed a motion for reconsideration of sentence alleging his sentence was excessive and harsh. He also filed a supplemental motion for reconsideration of sentence alleging the $5,000 fine was constitutionally excessive because he was indigent.
La.Code Cr. P. art. 881.1, provides that a defendant may file a motion to reconsider the legality, under statutory sentencing guidelines, of a sentence within 30 days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to state the specific grounds upon which the motion is based, precludes the defendant from raising the issue on appeal. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Failure to comply with La.Code Cr. P. art. 881.1, does not preclude a review of defendant's sentence for constitutional excessiveness.
In the present case, defense counsel orally objected to the sentence by stating, "[w]ould you note our objection to your sentence." During the hearing on defendant's motion for reconsideration of sentence, defendant argued his sentence was excessive considering the small amount of heroin he possessed and the fact the Legislature had since amended the statute to allow for a more lenient sentence. He further argued that the amendment indicated *1003 the Legislature recognized the prior statutory sentence for possession of heroin was unduly harsh. However, defendant did not raise the issue of the trial court's failure to comply with La.Code Cr. P. art. 894.1, either in his oral objection, his written motion for reconsideration of sentence, or in his argument on the motion for reconsideration of sentence. Thus, he failed to preserve this issue for appeal.
Nonetheless, defendant is entitled to a review of his sentence for constitutional excessiveness. The United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 759 So.2d at 968. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069.
In reviewing a sentence for excessiveness we must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id.
In sentencing defendant, the trial court stated:
Mr. Schieffler failed to appear in court on numerous occasions, but sent messages to the Court that he was working as a captain somewhere offshore, and he just couldn't make it.
Mr. Schieffler was arrested finally on this charge when he was supposed to be in Texas acting as the captain of a vessel, instead he was picked up for another crime here in Jefferson Parish, Louisiana, for which the charges are still pending.
Mr. Schieffler has a long and checkered criminal past. His record exhibits many, many breaks having been given to Mr. Schieffler in the past. The evidence against Mr. Schieffler was overwhelming in this case. Because Mr. Schieffler has significant prior convictions, and a significant criminal history, and because of the manner in which he behaved during the pendency of this case, it is the sentence of this Court that Mr. Schieffler be sentenced to ... 10 years.
In denying defendant's motion for reconsideration of sentence, the trial court gave the following reasons:
Okay, significantly before I end up counting the pages of the rap sheet, I counted 60 prior arrests.
In 1975 Mr. Schieffler was convicted of possession with intent to distribute marijuana; in 1976 he was convicted of possession of marijuana; in 1983 he was convicted of arson; in 1983 he was convicted of distribution of Schedule II drugs; in 1983 he was convicted of simple *1004 escape; in 1986 he was convicted of possession of Dilaudid; in 1993 he was convicted of possession of stolen things; in 1982 he was convicted of a D.W.I.; in 1994 he was convicted of D.W.I in Texarkana; in 1996 he was convicted of operating a vessel as a captain while under the influence of dangerous drugs in Federal Court; and in 1999 this matter came on for trial.
At the time of this trial he had 12 prior convictions, one of them might have been a misdemeanor. With regard to this case the Bill of Information was filed on August 29, 1997. Mr. Schieffler appeared in open court on February 18, 1998. On March 19, 1998 Mr. Schieffler failed to appear and an attachment was issued. The Court was informed that Mr. Schieffler was a captain and he was offshore, so therefore it was given another date because his attorney requested that it be given another date.
On April '98 Mr. Schieffler did not appear; in May of '98 Mr. Schieffler again did not appear. Mr. Schieffler did not appear until April 23rd of 1999, represented by Mr. Grefer, who had made special arrangements with the Court because Mr. Schieffler was off the boat.

* * * *
The sentencing guidelines, Louisiana Code of Criminal Procedure Article 894.1 speaks specifically in paragraph 1 that there is an undue risk that during a period of a suspended sentence of probation the defendant will commit another crime.
At paragraph 2, the defendant is in need of correctional treatment or custodial environment, which can be provided most effectively by his commitment to an institution.
And further along there is a further paragraph that gives the Court the opportunity to consider prior convictions, additionally when there is no multiple bill in a multiple bill situation.
Mr. Schieffler by virtue of his prior convictions is sentencible to mandatory life imprisonment, without benefit of probation, parole or suspension of sentence.
The State of Louisiana in its wisdom in this case, unlike other cases, has for some reason made a decision not to Multiple Bill Mr. Schieffler. Therefore, Mr. Schieffler in this case received the maximum sentence because of his criminal history has shown that there is no way to confine Mr. Schieffler to a law abiding life.
Further, that Mr. Schieffler continues by operating motor vessels and motor vehicles while under the influence of heroin, Dilaudid and other extremely dangerous drugs to endanger other members of society.
We note that at the time of sentencing, defendant was 41 years old. As demonstrated above, the trial court took careful note of defendant's long history of criminal activity, which included 60 arrests and 12 convictions, and defendant's apparent failure to reform his criminal behavior over his 22-year period of criminal activity. Despite defendant's argument that criminal history alone cannot support a maximum sentence and that other factors should be considered, the record demonstrates the trial court did, in fact, consider other factors besides his criminal history in imposing the maximum sentence. Defendant also argues his gainful employment as a tug boat captain should have been considered as a mitigating factor. However, the record shows defendant was unemployed at the time of his offense due to a severe back injury where defendant suffered four herniated discs.
Our review of the record reveals that defendant showed a complete lack of respect *1005 for the court by failing to appear for numerous court dates. Moreover, the record supports the trial court's finding that defendant posed a safety risk to society by his continued operation of motor vehicles while under the influence of drugs. At the time of his present offense, he was found unconscious in the driver's seat of a running vehicle, stopped on railroad tracks at a green light. The record also contains evidence that defendant was previously convicted for operating a vessel under the influence of drugs.
Additionally, defendant asserts that consideration should have been given to the subsequent amendments to the penalty for possession of heroin which allows for a suspended sentence. Although the statute in effect at the time of the commission of the offense applies, subsequent amendments to statutes have been recognized to be relevant in sentencing. State v. Clark, 391 So.2d 1174, 1176 (La.1980). Even though the Legislature amended the penalty for possession of heroin to allow for a suspended sentence, it is important to note that the Legislature did not amend the number of years with regard to the sentencing range. Further, a suspended sentence under the amended version of LSA-R.S. 40:966(C) is not automatic. We point out that defendant may not have even been eligible for a suspended sentence under the guidelines of La.Code Cr. P. art. 893, given his prior criminal history.
Based on the record before us, we do not find imposition of the maximum sentence to be excessive. As previously noted, defendant missed numerous court dates and showed complete lack of respect for the trial court. He has a long criminal history with 60 arrests and 12 convictions spanning 22 years. The circumstances surrounding defendant's present offense and his past offense of operating a vessel under the influence of drugs shows a complete disregard for the safety of others. While defendant did cooperate in a subsequent undercover operation, more than likely he did so in an attempt to help himself.

ERROR PATENT DISCUSSION
This Court previously conducted an error patent review of the original record in this case at the time of defendant's first appeal and found no errors that merited consideration. Defendant is not entitled to another error patent review under the circumstances of this case. See, State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625.

CONCLUSION
Based on the foregoing, we affirm defendant's sentence.
AFFIRMED.
NOTES
[1] LSA-R.S. 40:966(C) has since been amended and currently allows the sentence to be imposed with benefit of parole, probation or suspension of sentence. Acts 2001, No. 403, § 4, effective June 15, 2001. It is well-established that the law in effect at the time of the commission of the offense is determinative of the penalty to which the accused is subject. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518.