_[iMICHAEL E. KIRBY, Judge.
This appeal concerns a resentencing only.
Marcus A. Augillard was charged with possession of cocaine and found guilty of attempted possession of cocaine after a jury trial on October 13, 2000. He was adjudicated a fourth-felony habitual offender on December 14, 2000, and sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. He appealed, and, in an unpublished opinion, this Court affirmed his conviction and vacated his sentence, remanding the case for resentenc-ing. State v. Augillard, 2001-0218 (La.App. 4 Cir. 12/5/01, 806 So.2d 183).
The facts of the case as presented in the prior opinion are as follows.
New Orleans Police Officer Preston Bosch arrested the defendant on July 12, 2000, at approximately 12:10 p.m. Officer Bosch and his partner, Officer Krekel Eckland, stopped two subjects in the 1900 block of Foucher Street. As the officers exited their vehicle and ordered the two over to the patrol car, Officer Bosch observed the defendant drop an object to the ground with his right hand. Officer Bosch retrieved the object, which he believed to be a crack pipe. The officer explained for the jury how a person would use the pipe to smoke crack cocaine. He responded in the negative when asked whether in his experience as a police officer he was aware of any use for the device other *19 than smoking. Officer Bosch also gave an affirmative response when asked if he had detected a residue in the pipe. He was asked what about the crack pipe caused him to arrest the ^defendant on a charge of possession of cocaine, rather than only possession of drug paraphernalia, with which the defendant was also charged. The officer replied that the pipe had a white coating on it, and explained that the more a crack pipe is used, the whiter it gets.
Officer Bosch explained on cross-examination that the defendant and the other man were stopped because the other man, accompanied by the defendant, had walked off with a power saw belonging to a third man. The officer admitted that no cocaine of any kind or other contraband was found on the defendant’s person when he was searched incidental to his arrest for the crack pipe.
Nhon Hong, a criminalist with the New Orleans Police Department Crime Lab, was qualified by stipulation as an expert in the analysis and identification of controlled dangerous substances. All three tests Mr. Hong conducted on residue extracted from the crack pipe, gas chromatography, mass spectrometer, and microcrystalline, were positive for cocaine. Mr. Hoang said that he does not weigh such residue, but estimated its weight at less than a decigram, perhaps a centigram; an amount he conceded was “very, very small.”
Officer Krekel Eckland testified that at the time he and Officer Bosch stopped the defendant and the other man, his attention was focused on the other man, not the defendant. Consequently, he did not observe the defendant discard anything.
State v. Augillard, 2001-0218, pp. 1-3 (La.App. 4 Cir. 12/5/01), 806 So.2d 183, 2001 WL 1673483.
The defendant was resentenced on November 19, 2002. This Court had found the mandatory life sentence under La. R.S. 15:291(A)(l)(c)(ii) excessive and remanded the case for reconsideration under State v. Dorethy, 623 So.2d 1276 (La.1993). At the sentencing hearing the trial court stated that, while it believed that the life sentence was appropriate, a twenty year term would be imposed because that was the minimum sentence for a fourth felony offender.
In a single assignment of error, the defendant appeals his resentencing, arguing that the twenty year sentence is excessive. At the time of the offense in this case, La. R.S. 15:529.1, the Habitual Offender Law, provided in pertinent part:
la(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
(ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) ..., the person shall be imprisoned for the remainder of his natural life without benefit of parole, probation, or suspension of sentence.
Thus, Augillard at his resentencing received the minimum twenty-year term mandated by law.
Under La. Const. Art. I, § 20, a sentence is constitutionally excessive if it makes no measurable contribution to ac *20 ceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780, p. 8 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, 27. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676. After reviewing the. law and jurisprudence concerning the “rare circumstances” under which a court may depart from the mandatory minimum sentence, the Louisiana Supreme Court has stated:
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Lindsey, 99-3302, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343 (Citation omitted; emphasis added).
Moreover, in State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, [519 U.S. 1043,] 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentenc-ing is appropriate only when “there appeals] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982).
LThe defendant concedes that he received the minimum sentence but complains that the trial court gave no consideration to any mitigating factors under State v. Dorthey, 623 So.2d 1276 (La.1993), as this Court ordered. In vacating the life sentence, this Court stated:
Considering that the defendant’s only violent crime was committed twenty years prior to his offense in the instant case, and his current conviction is based on his abandonment of a crack pipe, the *21 defendant has arguably rebutted the presumption that the sentence provided for him under the Habitual Offender Law is constitutional. Therefore, we find merit to the defendant’s argument that he is exceptional, i.e., that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Augillard, 2001-0218, p. 11 (La.App. 4 Cir. 12/5/01), 806 So.2d 183, 2001 WL 1673483.
The defendant is correct; at the resen-tencing hearing, the trial court simply pronounced the twenty-year sentence. However, the defendant mistakenly maintains that when this Court found the life term excessive it mandated that he be resen-tenced to a term less than the statutory minimum under La. R.S. 15:529.1(A)(l)(c)(i). This Court held only that the life sentence under La. R.S. 15:529.1(A)(l)(c)(ii) was constitutionally excessive.
At the hearing no evidence was offered by the defendant or any witnesses as to special circumstances that would further reduce his sentence. Although Augil-lard’s record did not merit a life sentence, we do not find the twenty-year sentence to be excessive. We therefore conclude that the trial court did not abuse its broad sentencing discretion in imposing the twenty-year sentence.
IfiWe reject this assignment of error.
Accordingly, for the reasons stated, the defendant’s sentence is affirmed.
AFFIRMED.