951 So.2d 1177 (2007)
STATE of Louisiana
v.
Glenn H. LEMON.
No. 06-KA-721.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
*1178 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Thomas J. Butler, Frank A. Brindisi, Kia M. Habisreitinger, Assistant District Attorneys, Parish of Jefferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellee, The State of Louisiana.
Edward G. Partin, II, Attorney at Law, Pride, LA, for Defendant/Appellant, Glenn H. Lemon.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
On his third appeal to this Court, Glenn H. Lemon seeks review of the ten-year sentence imposed for his conviction of aggravated battery. We affirm, but remand the matter for correction of patent errors.
On May 31, 2002, in Case Number 01-4099, 24th Judicial District Court, Parish of Jefferson, Glenn H. Lemon was convicted of aggravated battery, a violation of La.R.S. 14:34. He was sentenced to imprisonment at hard labor for ten years. After the defendant stipulated he was a second felony offender, the trial court vacated the sentence and imposed a habitual offender sentence of ten years' imprisonment at hard labor.
On the same day, in Case Number 02-3218, 24th Judicial District Court, Parish of Jefferson, the defendant also pleaded guilty to battery on a police officer requiring medical attention, a violation of La.R.S. 14:34.2. He received a sentence of five years at hard labor without benefit of parole, probation or suspension of sentence, to be served consecutively to the habitual offender sentence in Case Number 01-4099.
On original appeal the defendant challenged only his aggravated battery conviction in Case Number 01-4099, which this Court affirmed on November 25, 2003. State v. Lemon, 03-828 (La.App. 5 Cir. 11/25/03), 860 So.2d 1181 (unpublished opinion), writ denied, 03-3519 (La.4/8/04), 870 So.2d 270.
Thereafter, the defendant challenged his sentences through post-conviction motions. The defendant's appeal rights ultimately were reinstated through post-conviction relief, and the appeals for both cases were consolidated in this Court as State v. Lemon, under Case Number 05-KA-567 (24th J.D.C. Number 02-3218) c/w Case Number 05-KA-568 (24th J.D.C. Number 01-4099).
On February 14, 2006, this Court vacated the habitual offender determination and sentence in Case Number 01-4099 because the State had relied on a juvenile adjudication to enhance the defendant's sentence. We reinstated the original sentence. State v. Lemon, 05-567, p. 7 (La.App. 5 Cir. 2/14/06), 923 So.2d 794, 798.
With respect to Case Number 02-3218, because the section of the statute to which *1179 the defendant had pleaded guilty did not prohibit parole, probation or suspension of sentence, we amended the defendant's sentence on the conviction of battery of a police officer to impose a sentence of five years with the Department of Corrections, to be served consecutively with all previous sentences, and we remanded the case. Lemon, 05-567 at p. 14, 923 So.2d at 802.
On May 31, 2006, following remand, the trial court vacated both sentences and re-sentenced the defendant. For the conviction of battery on a police officer (Case Number 02-3218), the court sentenced the defendant to serve five years at hard labor "with benefit of parole, probation or suspension of sentence." For the conviction of aggravated battery, (Case Number 01-4099), the court sentenced the defendant to ten years at hard labor, also "with benefit of probation, parole or suspension of sentence," to be served consecutively with the sentence for battery on a police officer.
After the trial court denied his oral motion to reconsider the sentence, the defendant filed a timely motion for appeal as to the aggravated battery sentence only (Case Number 01-4099), which the trial court granted.
FACTS
Our unpublished opinion in State v. Lemon, 03-828 (La.App. 5 Cir. 11/25/03), 860 So.2d 1181, writ denied, 03-3519 (La.4/8/04), 870 So.2d 270, reflects that the defendant was convicted of aggravated battery after he shot the victim, Elbert Jordan, in the groin.
ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends that his maximum ten-year sentence at hard labor is constitutionally excessive because he is a first felony offender. The defendant also contends the trial judge failed to state a factual basis for the sentence in compliance with La.C.Cr.P. art. 894.1. The State responds that the defendant is precluded from raising the 894.1 claim on appeal because he failed to raise that claim in a motion for reconsideration. The State further contends that the trial judge did not abuse his discretion in sentencing the defendant.
Prior to sentencing on May 31, 2006, the defendant's attorney acknowledged that the defendant had a prior juvenile adjudication, but contended that imposing a ten-year sentence would be excessive because it was the maximum sentence for a first offender. After stating that he had refreshed his memory with the facts of the case, the trial judge sentenced the defendant to serve ten years at hard labor with benefit of probation, parole, or suspension of sentence. The defendant made an oral motion to reconsider the sentence, without stating any grounds, which the trial court denied.
La.C.Cr.P. article 881.1(E) provides that the "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Further, "[t]he failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a bare review of the sentence for constitutional excessiveness." State v. Adair, 04-120, p. 3 (La.App. 5 Cir. 5/26/04), 875 So.2d 972, 974.
In his reply brief, the defendant points out that he stated specific grounds that are *1180 addressed by Article 894.1. He asserts, in particular, that the sentence was excessive because the defendant was a first felony offender. The defendant cites State v. Schieffler, 02-1047 (La.App. 5 Cir. 2/25/03), 841 So.2d 1000, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 636, in which this Court held that the defendant failed to preserve for appellate review the issue of the trial court's failure to consider statutory factors, where the defendant did not raise the issue in either his oral objection, his written motion for reconsideration of sentence, or his argument on the motion for reconsideration of sentence. Schieffler, 02-1047 at p. 4, 841 So.2d at 1003.
The defendant attempts to distinguish Schieffler on the basis that Schieffler raised constitutional concerns with the statute involved, whereas the defendant herein raised concerns specifically addressed by Article 894.1. However, Schieffler is indistinguishable because Schieffler, like the defendant in this case, did not raise the trial judge's failure to comply with Article 894.1 in a motion to reconsider sentence in accordance with La. C.Cr.P. art. 881.1. Therefore, the defendant in this case has not preserved the issue of the trial judge's failure to comply with Article 894.1 for appeal.
Because the defendant did not preserve that ground for review, we are limited to reviewing for constitutional excessiveness. The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment.
"A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering." State v. Lobato, 603 So.2d 739, 751 (La.1992).
The three factors considered in reviewing a trial court's sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by the same court and other courts. State v. Richmond, 97-1225, p. 6 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272, 1275, citing State v. Telsee, 425 So.2d 1251 (La.1983). "The trial judge has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion." State v. Thompson, 02-333 (La.4/9/03), 842 So.2d 330, 338.
According toes La.C.Cr.P. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. A conviction of aggravated battery carries a maximum sentence of ten years, with or without hard labor, and the possibility of a $5,000.00 fine. La.R.S. 14:34.
In addition, the defendant here could have received a sentence pursuant to the firearm enhancement provisions of La. C.Cr.P. art. 893.1, et seq. On May 1, 2002, the State filed a notice of intent to invoke the firearm enhancement provisions of La. C.Cr.P. art. 893.3(D). That article provides in pertinent part:
D. If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is *1181 less than fifteen years, the court shall impose the maximum sentence.
. . .
F. A sentence imposed under the provisions of this Article shall not be suspended and shall be imposed in the same manner as provided in the felony for which the defendant was convicted.
G. A defendant sentenced under the provisions of this Article shall not be eligible for parole during the period of the mandatory minimum sentence.
In State v. Brown, 03-732, p. 6 (La.App. 4 Cir. 7/23/03), 853 So.2d 665, 669, the court recognized that the mandatory sentence for aggravated battery when the defendant is sentenced under La.C.Cr.P. art. 893.3(D) is ten years, and that parole is prohibited for the entire sentence. See also, State v. West, 01-969 (La.App. 3 Cir. 12/12/01), 801 So.2d 619.
In the present case, however, there was no mention of the firearm enhancement at either the original sentencing or the most recent sentencing on May 31, 2006. Further, the trial judge did not provide specific reasons for the sentence imposed. However, the trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Uloho, 04-55, p. 23 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, XXXX-XXXX (La.11/19/04), 888 So.2d 192.
Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. State v. Washington, 414 So.2d 313, 315 (La.1982). The record reflects that the defendant was 17 years old at the time he shot the victim in the groin. He was 22 at sentencing on May 31, 2006. Although the instant conviction was the defendant's first adult felony conviction, the defendant admitted at trial that he had prior juvenile adjudications for possession and distribution of cocaine when he was age fifteen. In addition, the defendant testified he began selling drugs when he was twelve.
In his brief, the defendant cites State v. Soraparu, 93-1636 (La.App. 4 Cir. 1/19/95), 649 So.2d 1100, 1105, in which the fourth circuit held that the maximum sentence of 40 years at hard labor for a 21-year-old first offender convicted of manslaughter was an abuse of discretion. However, the supreme court granted writs in part, reversed the court of appeal's ruling, and reinstated the sentence imposed by the trial judge, stating as follows:
For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, . . . a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." [Citations omitted.]
State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608.
In the present case, the trial judge familiarized himself with the record before imposing sentence. The record contains *1182 numerous certificates of the defendant's accomplishments before he was sentenced on May 31, 2006. However, the record also reflects that the defendant had a history of selling drugs and that he had been adjudicated a delinquent for doing so. Moreover, the record reveals the victim suffered a permanent injury, since one of his testicles had to be removed as a result of being shot.
The question presented when reviewing a defendant's sentence is not "whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion." State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133.
We do not find the trial court abused its broad sentencing discretion and, hence, we cannot set aside the sentence.
ERROR PATENT DISCUSSION
We have found several patent errors that require remand for correction by the trial court.[1]
First, the commitment in Case Number 01-4099 indicates that on May 31, 2006 the defendant stipulated he was a multiple offender, but the transcript does not reflect such a stipulation. The commitment provides in pertinent part:
The Defendant pleaded GUILTY under RS 15:621.1 on count 1) 14:34 F III BATTERY/AGGRAVATED
Plea was acceptable to the State.
Note of evidence taken.
In addition, the transcript reflects that the sentence was to be served concurrently with the sentence in case number 02-3218 (the conviction of battery on a police officer), whereas the transcript reflects that the trial judge ordered the sentence to be served consecutively.
Finally, the commitment does not reflect that the defendant was properly advised of the period for filing post-conviction relief, while the transcript reflects the trial judge so advised the defendant.
Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
For the foregoing reasons, the sentence appealed is affirmed. We remand the matter and instruct the district court to correct the commitment to conform with the transcript. We order the clerk of the district court to transmit the original of the corrected commitment to the officer in charge of the institution to which the defendant has been sentenced.[2]
AFFIRMED; REMANDED FOR CORRECTION OF PATENT ERRORS.
NOTES
[1] See La.C.Cr.P.art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[2] See, State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846.