BAGNERIS, J.,
dissents with reasons.
_]jState v. Colvin outlines essential issues for appellate courts to consider in evaluating excessive sentence claims as follows:
The pertinent question on appellate review is “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.” State v. Humphrey, 445 So.2d 1155, 1165 (La.1984); see also State v. Taves, 03-0518, p. 4 (La.12/3/03), 861 So.2d 144, 147 (per curiam) (collecting cases). A trial court “abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes ‘punishment disproportionate to the offense.’ ” State v. Soraparu , 97-1027 (La.10/13/97), 703 So.2d 608 (quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979)). In making that determination, “we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime *266 committed as to shock our sense of justice.” State v. Bonanno, 384 So.2d 855, 358 (La.1980).
2011-1040, p. 7 (La.3/13/12), 85 So.3d' 663, 667-68.
A review of the present record shows that the trial judge considered many factors in sentencing the defendant. The trial judge stated:
■. the Court went thoroughly back on March 18, 2011, noting that the juvenile history of Mr. Boyd dates back to 2006, with an adult history starting in 2008
[[Image here]]
The Court feels Marijuana is a controlled dangerous substance. It still has been so defined by the Louisiana Legislature, and it still is against the law ;.. Ii>... the Court notes that as a factor in sentencing that it was not just a matter of Mr. Boyd using the car to get from point A to point B, Mr. Boyd engaged in a pattern of using that car and then putting other citizens in peril for their safety.
The Court does not take sentencing lightly in these matters.
[[Image here]]
Upon review, the record reflects that the trial court thoroughly considered the evidence and the testimony, along with all of the facts. This review also demonstrates that the trial court was aware that Mr. Boyd had mental problems. Although Mr. Boyd’s sentence may be on the upper range of the punishment allowed, it does not “shock our sense of justice” for purposes of finding it legally excessive. Thus, I find no abuse of the trial court’s discretion in imposing a sentence of thirty-five years.
Mr. Boyd’s ineffective assistance of counsel claim maintains his sentence is excessive because he was prejudiced by the failure of his attorney to. properly submit evidence to the trial court of his bipolar condition. However, the record shows that his counsel advised the trial court that Mr. Boyd struggled mentally. The record provides no clear evidence that had the trial court obtained more specific proof of his bipolar diagnosis that the sentencing would have been different. I find the trial court’s awareness of Mr. Boyd’s mental health issues, albeit without specificity, was sufficient for the court to observe Mr. Boyd and to make an informed decision in sentencing. See State v. Gauthier, 07-0743 (La.App. 4 Cir. 3/12/08), 978 So.2d 1161. Considering that his counsel advised the trial court of his mental struggles, Mr. Boyd had sufficient representation to form a defense. Therefore, his claim that ineffective counsel resulted in an excessive sentence lacks merit.
Based on the foregoing reasons, I would affirm the sentence. Therefore, I respectfully dissent.