598 So.2d 338 (1992)
STATE of Louisiana
v.
Harry LUCAS.
No. 92-KO-0732.
Supreme Court of Louisiana.
May 22, 1992.
Reconsideration Denied June 26, 1992.
Denied. At the time the First Circuit Court of Appeal remanded this case for resentencing, State v. Lucas, 482 So.2d 7 (La.App. 1st Cir.1985), this Court had not yet determined what effect, if any, the 1984 amendment of La.C.Cr.P. art. 882, authorizing appellate courts to correct illegal sentences, had on its general policy that appellate courts should refrain from correcting on their own motion sentencing mistakes in the defendant's favor. State v. Jackson, 452 So. 682 (La. 1984); State v. Napoli, 437 So.2d 868 (La.1983). The defendant did not seek review of that order, which would have preserved the question under this Court's subsequent decision in State v. Fraser, 484 So.2d 122 (La.1986), reaffirming Jackson, and on remand the same trial judge then resentenced the defendant according to his original sentencing intent. Even assuming that the defendant has received a greater, but legal sentence, on remand, the circumstances of this case do not support a presumption of vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as the defendant's second sentence rests on an "on-the-record, wholly logical, non-vindictive reason...." Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986).