874 So.2d 905 (2004)
STATE of Louisiana
v.
John BERTRAND.
No. 2003-KA-2069.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 2004.
Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Nick Orechwa, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Karen G. Arena, Louisiana Appellate Project, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR., Judge LEON A. CANNIZZARO, JR.).
*906 JAMES F. McKAY, III, Judge.
On April 1, 2003, the State filed a bill of information charging John F. Bertrand with sexual battery in violation of La. R.S. 14:43.1. At arraignment on April 3rd he pleaded not guilty. At a hearing on May 8th the trial court found probable cause to bind the defendant over for trial and denied the motion to suppress the statement. A six-member jury found Mr. Bertrand guilty of attempted sexual battery on July 23rd. The trial court sentenced the defendant to serve nine months in the Louisiana Department of Corrections with a suspended sentence of two years and three months and three years of active probation. The defendant's motion for an appeal was granted, and his motion for reconsideration of sentence was denied.
At trial Detective Donald Berryhill of the Child Abuse Section of NOPD testified that on January 27, 2003, he investigated a report of sexual battery. After meeting with the six-year-old victim and his mother, the detective determined that there was probable cause to arrest the defendant.
C.C., the victim's mother, testified that she and her four children were at home on the evening of January 27th. She and her three older children were sleeping in a room in which her youngest child and the defendant were watching television. She awoke when the telephone rang and she saw the defendant "was taking his hand out of my baby's behind and my baby was playing with his self." C.C. told the defendant to leave and called a relative who suggested that C.C. call the police. She asked her son what happened, and he said the defendant "had his finger in my bootie." C.C. said she had known Mr. Bertrand for more than twenty years and trusted him. They had a long lasting sexual relationship although Mr. Bertrand is not the father of any of C.C.'s four children. C.C. was not working at the time of this incident, and the defendant regularly gave her money. She went to Mr. Bertrand's place of work occasionally to ask for money or to help him out. C.C. admitted using marijuana and drinking; she also acknowledged that she had a conviction for selling crack cocaine. Although her conviction was for possession of cocaine, she stated that she had two rocks that she was trying to sell.
Joan Williams, a forensic interviewer for the Child Advocacy Center, testified that she interviewed the victim on February 5th. The videotape of the interview was shown to the jury. When questioned by the defense attorney, Ms. Williams said that the child told her that the abuse occurred twice: once when he was five and again when he was six.
T.C., the six-year-old victim, testified that he lived with his mother and stepfather. When asked if he knew John Bertrand, he responded that John was his "old daddy." When asked to describe the last time he watched television with John, the child said that his mother, brothers and sister were asleep in the same room. Only he and John were awake. At that time, John "put his hand in my butt." T.C. stated that the same thing had happened when he lived in a different house. He said he told his mother about the first time, but she did not see it. When asked if anyone had told him what to say in court, T.C. answered that his mother had told him what to say. However, when asked if he was telling the truth, he answered that he was.
Eight character witnesses took the stand and declared that they were aware of the defendant's reputation in the community. They reported that he was known for his good character.
*907 Mr. John Bertrand, the fifty-nine year old defendant, testified that he graduated from high school in New Orleans and served in the U.S. Army in Viet Nam. He has worked in construction for years. He met C.C. in 1989 and has had a relationship with her since that time. C.C. told him that T.C. was his child, but he was not named on the birth certificate as the child's father. During their entire relationship, he has provided C.C. with money for her rent, clothing, and child expenses. He served as baby-sitter for her children frequently. He occasionally took T.C. to work with him when C.C. did not return home before Mr. Bertrand had to leave for his job. He stated that before the incident he had stopped giving C.C. money because she would never tell him what she did with the money. About 9 p.m. on January 27, 2003, he and C.C. and her four children were watching a movie on television when the telephone rang. C.C. asked him when he was leaving, and he said he could leave then, and he did. He was living around the corner from C.C., and he was at home in bed when the police arrived and arrested him. He denied ever touching T.C. in a sexual manner.
A review of the record for errors patent reveals an error. The defendant was sentenced for attempted sexual battery. La. R.S. 14:27, the attempt statute, requires that a person convicted under that statute be sentenced "in the same manner as for the offense attempted"; La. R.S. 14:43.1, the sexual battery statute, prohibits the benefits of parole, probation, or suspension of sentence. Thus, the trial court erred in suspending Mr. Bertrand's sentence and placing him on active probation. Accordingly, the sentence must be vacated.
In a single assignment of error, the defense maintains that the evidence is insufficient to support the conviction.
The standard for reviewing a claim of sufficiency of the evidence is well settled.[1] Simply stated, all evidence, direct and circumstantial, must meet the reasonable doubt standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Jacobs, 504 So.2d 817 (La.1987).
Mr. Bertrand was convicted of attempted sexual battery. Sexual battery is defined as:
the intentional engaging in any of the following acts with another person *908 where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender
An attempt to commit a crime occurs when a:
person who, having a specific intent to commit a crime, does ... an act for the purpose of and tending directly toward the accomplishing of his object
Thus, the State must prove that the defendant tried to touch the anus of T.C.
The defendant maintains that the jury verdict is not supported by the facts of the case given that he is a sixty-year-old with no criminal history whose family and friends were able to testify as to his good reputation in the community, in contrast to C.C. who admitted selling cocaine and working as a stripper and whose veracity is questionable at best.
An appellate court must defer to the fact finder's credibility choices and justifiable inferences of fact. State v. Lee, 94-2584, p. 7 (La.App. 4 Cir. 1/19/96), 668 So.2d 420, 426. It is not the function of this court to assess credibility or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986). The credibility determination is within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La. 1984); State v. Jones, 537 So.2d 1244, 1249 (La.App. 4 Cir.1989). The issue of credibility is reviewed on an abuse of discretion standard. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
After reviewing all the record evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. The defendant, who was in a small room with the victim and his mother, was seen by the mother removing his hand from the victims pants. Furthermore, the six-year-old boy testified that the defendant put his hand in my butt.
The jury heard the testimony of all the witnesses and obviously found the victims and his mothers version of events to be compelling and credible. This determination is not contrary to the evidence, and we do not find that the jury abused its discretion. Accordingly, this assignment of error is without merit.
The defendant's conviction is affirmed. His sentence is vacated, and the case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] As we noted in State v. Major, XXXX-XXXX, p. 7 n. 5 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, 631-32:

In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Scott, 97-0028 (La.App. 4 Cir. 3/18/98), 709 So.2d 339. However, an appellate court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). An appellate court is not permitted to consider just the evidence most favorable to the prosecution, but it must consider the record as a whole since that is what a rational trier of fact would do. State v. Harge, 98-1321 (La.App. 4 Cir. 2/17/99), 730 So.2d 983. If a rational trier of fact could disagree as to the interpretation of the evidence, the view of the rational trier of fact of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra. An appellate court is not called upon to determine if it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Smith, 600 So.2d 1319, 1324 (La.1992).