[ 1 Chief Judge JOAN BERNARD ARMSTRONG.
The defendant-appellant, John F. Bertrand, appeals his resentencing pursuant to a remand from this Court. We affirm.
John F. Bertrand was convicted of attempted sexual battery in violation of La. R.S. 14:43.1 (sexual battery) and La. R.S. 14:27 (attempt) at a jury trial on July 23, 2003. He was sentenced to serve nine months in the Louisiana Department of Corrections with a suspended sentence of two years and three months and three years of active probation. He appealed, and this Court affirmed his conviction but vacated his sentence and remanded the case for resentencing. State v. Bertrand, 2003-2069 (La.App. 4 Cir. 4/28/04), 874 So.2d 905. He was resentenced on May 25, 2004, to serve three years at hard labor. He was released on a $25,000 recognizance bond.
The facts of the case as reported in the first appeal are as follows:
At trial Detective Donald Berryhill of the Child Abuse Section of NOPD testified that on January 27, 2003, he investigated a report of sexual battery. After meeting with the six-year-old victim and his mother, the detective determined that there was probable cause to arrest the defendant.
C.C., the victim’s mother, testified that she and her four children were at home on the evening of January 27th. She and her three older children were sleeping in a room 12in which her youngest child and the defendant were watching television. She awoke when the telephone rang and she saw the defendant “was taking his hand out of my baby’s behind and my baby was playing with his self.” C.C. told the defendant to leave and called a relative who suggested that C.C. call the police. She asked her son what happened, and he said the defendant “had his finger in my bootie.” C.C. said she had known Mr. Bertrand for more than twenty years and trusted him. They had a long lasting sexual relationship although Mr. Bertrand is not the father of any of C.C.’s four children. C.C. was not working at the time of this incident, and the defendant regularly gave her money. She went to Mr. Bertrand’s place of work occasionally to ask for money or to help him out. C.C. admitted using marijuana and drinking; she also acknowledged that she had a conviction for selling crack cocaine. Although her conviction was for possession of cocaine, she stated that she had two rocks that she was trying to sell.
Joan Williams, a forensic interviewer for the Child Advocacy Center, testified that she interviewed the victim on February 5th. The videotape of the interview was shown to the jury. When questioned by the defense attorney, Ms. Williams said that the child told her that the abuse occurred twice: once when he was five and again when he was six.
T.C., the six-year-old victim, testified that he lived with his mother and stepfather. When asked if he knew John Bertrand, he responded that John was his “old daddy.” When asked to describe the last time he watched television with John, the child said that his mother, brothers and sister were asleep in the same room. Only he and John were awake. At that time, John “put his hand in my butt.” T.C. stated that the *755 same thing had happened when he lived in a different house. He said he told his mother about the first time, but she did not see it. When asked if anyone had told him what to say in court, T.C. answered that his mother had told him what to say. However, when asked if he was telling the truth, he answered that he was.
Eight character witnesses took the stand and declared that they were aware of the defendant’s reputation in the community. They reported that he was known for his good character.
|3Mr. John Bertrand, the fifty-nine year old defendant, testified that he graduated from high school in New Orleans and served in the U.S. Army in Viet Nam. He has worked in construction for years. He met C.C. in 1989 and has had a relationship with her since that time. C.C. told him that T.C. was his child, but he was not named on the birth certificate as the child’s father. During their entire relationship, he has provided C.C. with money for her rent, clothing, and child expenses. He served as baby-sitter for her children frequently. He occasionally took T.C. to work with him when C.C. did not return home before Mr. Bertrand had to leave for his job. He stated that before the incident he had stopped giving C.C. money because she would never tell him what she did with the money. About 9 p.m. on January 27, 2003, he and C.C. and her four children were watching a movie on television when the telephone rang. C.C. asked him when he was leaving, and he said he could leave then, and he did. He was living around the corner from C.C., and he was at home in bed when the police arrived and arrested him. He denied every [sic] touching T.C. in a sexual manner.
State v. Bertrand, 2003-2069, pp. 1-3, 874 So.2d at 906-907.
The defendant makes three assignments of error concerning his sentence: (1) the trial court erred in sentencing him without mentioning the sentencing guidelines outlined in La.C.Cr.P. art. 894.1, especially in light of the fact that the new sentence was substantially more onerous than the original sentence; (2) the sentence is excessive; and (3) his counsel was ineffective in not filing a motion for reconsideration of sentence.
Before considering the first and second assignments, we note that no motion for reconsideration of sentence was filed. The article concerning such a motion, La.C.Cr.P. art. 881.1, provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing |4or in writing thereafter and shall set forth the specific grounds on which the motion is based. * * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Furthermore, La.C.Cr.P. art. -881.2 provides in pertinent part:
A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may *756 seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions. -
In the instant case, the defendant concedes his trial counsel failed to make an oral motion, file a written motion for reconsideration of sentence, or object to the sentence in any way.[1] Therefore, the defendant is precluded from raising the claim of excessive sentence. State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 775. In Tyler the defendant failed to file a motion for reconsideration of sentence or to. object to the sentence, and this court found that he had failed to preserve his argument for appeal and he was precluded from arguing that the trial court failed to follow La.C.Cr.P. art. 894.1 in-sentencing him.
In his third assignment of error, the defendant argues that if this court’s review of the previous assignments of error is precluded due to counsel’s failure to object or file a motion to reconsider the sentence, such lapse on counsel’s part amounts to ineffective assistance of counsel.
|bAs a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted. State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient, the claims may be addressed on appeal. State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147. We find the trial judge’s comments during sentencing are adequate; therefore, the record is sufficient and the issue of ineffective assistance of counsel shall be addressed.
Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing) and State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. Brooks, supra. Counsel’s performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland at 466 U.S. at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel’s deficient performance, the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2067.
Thus, to prevail on this claim the defendant must show that there is a reasonable probability that, had defense counsel filed a motion to reconsider |fisentence and preserved the issues raised by the previous assignment of error, this court would have found merit in the assignment of error. This brings us to a consideration of the defendant’s contention, as expressed in his second assignment of error, that his sentence was excessive.
*757 La. Const, art. I, § 20 explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Brady, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir. 3/16/99), (quoting State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461)). However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4th Cir.1987). Courts must apply these penalties unless they are found to be unconstitutional.
A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 9, 656 So.2d at 979 (quoting State v. Lobato, 603 So.2d 739, 751 (La.1992)).
In reviewing a claim that a sentence is excessive, an appellate court 17generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. Intertwined with this issue is the defendant’s argument raised in his first assignment of error that the trial court erred in failing to consider the factors outlined in La.C.Cr.P. art. 894.1, especially in light of the fact that the defendant contends that the new sentence was substantially more onerous, creating a chilling effect on his right of appeal.
We agree with the defendant’ contention that spending three years in jail without benefit of parole is more onerous than being on probation. See State v. Soco, 508 So.2d 915 (La.App. 4 Cir.1987). However, any sentence of jail time that the trial court imposed pursuant to the remand order from this Court was necessarily more onerous than the original sentence to probation.[2] Thus, the remand order itself provided sufficient justification for a more severe sentence than the original sentence of probation, and the record reflects that the trial court made clear reference to the remand order at the resentencing hearing, thereby articulating the reason for the harsher sentence.
Accordingly, the instant case is distinguishable from State v. Franks, 391 So.2d 1133, 1137 (La.1980), in which the Supreme Court stated that: “Whenever a I ¿judge imposes a more severe sentence *758 upon a defendant after a new trial[3], the reasons for doing so must affirmatively appear.” What the Supreme Court is saying in Franks is that the trial court has to explain why it sentenced the defendant more severely after convicting him a second time pursuant to a new trial of the same offense for which he was given a lesser sentence after the first trial. In the instant case the reason for the increased severity of the sentence is self-evident— any amount of jail time to which Bertrand was sentenced upon resentencing would, according to his argument, be more onerous than probation, but the effect of the remand order was to require jail time. There was no new trial in the instant case.
State v. Soco, 508 So.2d 915 (La.App. 4 Cir.1987) is similarly distinguishable. In Soco the case was remanded for resentenc-ing after appeal, because the defendant’s 99-year sentence should have been without benefit of probation, parole or suspension of sentence. This Court found that the new sentence, 35 years without benefits was harsher than the original 99-year sentence because under the original sentence the defendant would have been eligible for parole after only 33 years. Quoting from the U.S. Supreme Court’s opinion in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), this Court noted in Soco that:
[T]he U.S. Supreme Court held that in order for a resentencing judge to constitutionally impose a more severe sentence upon a defendant, he must recite in the record reasons “based upon objective information concerning identifiable conduct occurring after the time of the original sentencing proceeding.” [Emphasis added.]
Id., at p. 917.
| flBased on a finding that the trial court failed to provide the justification for a more severe sentence mandated by North Carolina v. Pearce, this Court concluded in Soco by resentencing the defendant to 33 years without benefits.
In the instant case, the issue is not whether there is identifiable conduct occurring after the time of the original sentencing proceeding which would justify a stiffer sentence. It is the remand order itself which effectively mandates a stiffer sentence. Moreover, we note that while the resentencing on remand necessarily entailed jail time, the amount of that time, three years at hard labor, was within the time scope of the original sentence.
Other cases on this issue, such as State v. Wise, 425 So.2d 727 (La.1983) and State v. Allen, 446 So.2d 1200 (La.1984) and their progeny are similarly distinguishable from the instant case.
We find no reported cases in which the original illegally lenient sentence included no jail as is true in the instant case.
The main reason given for requiring that sufficient reasons be articulated for imposing a stiffer sentence on remand is to avoid having a chilling effect on the defendant’s right to appeal, i.e., the purpose is to have the resentencing court demonstrate affirmatively that it is not imposing a stiffer sentence on the defendant in retaliation for his having exercised his right of appeal. In the instant case, as in State v. Lucas, 598 So.2d 338 (La.1992), and State v. Dawson, 560 So.2d 593 (La.App. 4 Cir.1990), it is abundantly clear that the resentencing was not done because the defendant had taken an appeal, that is, the record is clear that the resentencing was not motivated by what the Lucas court would term “vindictiveness” for the taking of the appeal. Instead, the defendant was given jail time on remand solely because *759 the trial court was required by the remand order of |inthis Court to do so. Moreover, the defendant, himself, does not argue that the trial judge was motivated by any animus or vindictiveness arising out of a desire to retaliate because the defendant had the effrontery to appeal.
It is well settled that “the chilling [effect on] appeals does not in and of itself offend due process.” State v. Williams, 00-1725, p. 9 (La.11/28/01), 800 So.2d 790, 798, quoting from United States v. Henry, 709 F.2d 298, 316 n. 26 (5th Cir.1983). More specifically, due process is not offended by all possibilities of increased punishment after appeal, only by those which involve “actual retaliatory motivation” or “pose a realistic likelihood of ‘vindictiveness’.” Williams, p. 9, 800 So.2d at 798, quoting from Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); Henry, 709 F.2d at 315-16. It is readily apparent that a significant distinction may be drawn between vindictiveness which, after appeal, increases a defendant’s sentencing exposure or increases a legal sentence, and the pro forma correction of an illegal sentence. Williams, p. 9, 800 So.2d at 798. When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional rights. Id. pp. 9-10, 800 So.2d at 798. Simply stated, when a court complies with a nondiscretionary sentencing requirement, i.e., a mandatory minimum term or special parole provision(s), no due process violation is implicated because neither actual retaliation nor vindictiveness exists. Id., p. 10, 800 So.2d at 798.
Having determined that the trial court committed no reversible error for failure to articulate why the second sentence was greater than the first, we must now return to the defendant’s assertion that the sentence was excessive.
If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the ^particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Ross, 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762. In the instant case the defendant’s sentence was substantially below the maximum.
However, in State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
Major, 96-1214, p. 10, 708 So.2d at 819.
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, — U.S. -, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial *760 court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indi-, eating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for | ^resentencing is appropriate only when “there appear[s] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha [ve] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982).

Id.

In the case at bar, the defendant was resentenced to imprisonment of three years at hard labor without benefits which was in the mid-range of the five-year maximum allowed by La. R.S. 14:43.1 (sexual battery) as modified for attempt under La. R.S. 14:27 (attempt). At resentencing the court complied with this Court’s order to resentence the defendant without benefits as the statute mandated. The trial court had originally intended to give the defendant a suspended sentence with probation; however, when this Court pointed out that the sentence imposed was illegal, the trial court imposed a legal sentence and instructed the defendant and his attorneys to request a rehearing from the Supreme Court. The court had heard the testimony at trial and observed the defendant. Therefore, while the defendant argues that as a sixty year old first time offender he should not be considered to be a “mid-range” offender, the test is not whether another sentence is more appropriate. Rather, it is whether the trial court abused its broad sentencing discretion. Soraparu, supra.
We do not find the trial court exceeded its broad discretion in imposing a three-year sentence on a defendant who, in spite of the fact that he is fifty-nine or sixty year old man with no criminal record, is a pedophile. Moreover, while the largest portion of the defendant’s argument in brief concerning the excessiveness of his sentence is devoted to his contention that the weakness of the evidence against the him should entitle him to a minimal sentence, this is just a way of trying to rear-gue the defendant’s claims of insufficiency of evidence that have |1salready been rejected by this Court in the previous unsuccessful appeal of his conviction. In other words, there has already been a determination at the trial level and affirmed by this Court that there was sufficient evidence to convict the defendant beyond a reasonable doubt.
Therefore, as in Soraparu, supra, this Court finds no substantial possibility that the defendant’s complaints of an excessive sentence have merit. It follows that defense counsel’s failure to file a motion to reconsider sentence does not constitute ineffective assistance of counsel.
For the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.

. After the sentencing hearing had ended and trial court explained' to the defendant that he was released on bond, the defense attorney simply said, "note my objection for the record," with no indication as to what he was objecting.

. In the original appeal this Court found that: Review of the record for errors patent reveals an error. The defendant was sentenced for attempted sexual battery. La. R.S. 14:27, the attempt statute, requires that a person convicted under that statute be sentenced "in the same manner as for the offense attempted”; La. R.S. 14:43.1, the sexual battery statute, prohibits the benefits of parole, probation, or suspension of sentence. Thus, the trial court erred in suspending Mr. Bertrand’s sentence and placing him on active probation. Accordingly, the sentence must be vacated.
Bertrand, 03-2069, p. 4, 874 So.2d at 907.
Pursuant to this finding, this Court remanded the case for resentencing.

. Emphasis added.