GASKINS, J.
|! Following a jury trial, the defendant, Lorenzo Wheeler, was convicted of possession of marijuana with intent to distribute. The trial court sentenced him to serve seven years at hard labor. The defendant appeals, urging excessive sentence and ineffective assistance of counsel. We affirm.
FACTS
On the night of February 28, 2002, Officer Scott Brooks of the West Monroe Police Department (WMPD) observed the defendant’s vehicle traveling east on 1-20 without a license plate light. During the ensuing traffic stop, the defendant produced a Louisiana identification card but no driver’s license. The officer determined that the defendant’s license was suspended. Ultimately Officer Brooks wrote him two tickets — no license plate light and driving with a suspended driver’s license.
Another WMPD officer, Jason Kukal, arrived on the scene during the traffic stop. Both officers noted the defendant’s extremely nervous demeanor. They requested his consent to search his vehicle; he agreed. The officers discovered four one-pound bags of marijuana concealed in a large garbage bag under a pile of laun *258 dry. Laboratory analysis determined that the substance in the bags was marijuana.
The defendant was charged with possession of marijuana with intent to distribute. A unanimous jury convicted him as charged. The trial court sentenced him to seven years at hard labor. No motion to reconsider sentence was filed.
The defendant appealed.
J^EXCESSIVE SENTENCE
In his first assignment of error, the defendant argues that the sentence of seven years at hard labor imposed by the trial court was excessive.

Law

In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993);3 State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.

Discussion

At the sentencing hearing, the defendant gave a lengthy explanation of his role in transporting the drugs. He blamed his emotional distress arising from problems with his girlfriend.
The trial court considered many factors in imposing sentence. Among them were the defendant’s prior criminal record, which included a 1997 conviction for simple possession of marijuana and a 1999 conviction for possession of marijuana, second offense, for which he was sentenced to three years at hard labor. He also had a history of battery arrests involving altercations with the mother of one of his two children; he pled guilty to one battery charge. The court noted that the defendant was associating with people involved with marijuana even though he was on parole at the time of the offense. (His parole period expired on the date of his arrest for the 14current offense.) He was dishonorably discharged from the U.S. Navy. At the time of his arrest for the *259 instant offense, he was unemployed. In mitigation, the court noted that the defendant was not well educated.
The trial court found that there was an undue risk of the defendant committing another crime if granted probation. It also held that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the crime. The court disbelieved the defendant’s claim that he did not know the quantity of the drugs he was transporting.
The trial court fully articulated the reasons for imposing sentence. It evaluated and considered both aggravating and mitigating factors. Given the defendant’s history of drug offenses, we cannot say that the defendant’s sentence shocks the sense of justice. The defendant’s sentence is not constitutionally excessive.
This assignment of error lacks merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant argues that defense counsel was ineffective because he failed to file a motion to reconsider sentence. The defendant contends that if such a motion had been filed, the trial court would have realized that its sentence was too harsh.

Law

As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Williams, 33,581 (La.App.2d Cir.6/21/00), 764 So.2d 1164. When the record is sufficient, as it is here, this issue may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,-394 (La.App.2d Cir.9/27/95), 661 So.2d 673.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffective assistance of counsel may only be found if a defendant can “show a reasonable probability that but for counsel’s error, his sentence would have been different.” State v. Allen, 03-1205 (La.App. 5th Cir.2/23/04), 868 So.2d 877. See also State v. White, 2003-1535 (La.App. 3d Cir.4/28/04), 872 So.2d 588; State v. Bertrand, 2004-1496 (La.App. 4th Cir.12/15/04), 891 So.2d 752; State v. Felder, 2000-2887 (La.App. 1st Cir.9/28/01), 809 So.2d 360, writ denied, 2001-3027 (La.10/25/02), 827 So.2d 1173; State v. Louis, 32,347 (La.App.2d Cir.10/27/99), 744 So.2d 694.

Discussion

Considering the discussion regarding the defendant’s sentence contained herein, it is clear that the defendant has failed to prove that, but for trial counsel’s failure to file a motion to reconsider sentence, the sentence would have been different. State v. Allen, supra. The record shows that the sentencing factors set forth in La. C. Cr. P. art. 894.1 were | (¡extensively considered, and the defendant’s sentence was tailored to both the offense and the offender.
This assignment is meritless.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.